## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  v.                                        Case No. 98-CR-104

**RAYMOND MENDOZA**
    **Defendant.**

### ORDER

Defendant Raymond Mendoza pleaded guilty to two counts of participation in violent crimes in aid of racketeering, and on January 22, 2001, I sentenced him to 120 months' imprisonment on each count running consecutively for a total of 240 months. He took no appeal but later filed an unsuccessful collateral attack under 28 U.S.C. § 2255.

On February 6, 2012, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1). Defendant indicates that his wife suffers from serious health problems, impacting her ability to care for their two children, and that he has made significant rehabilitative efforts in prison. He asks the court to depart downward or modify his sentence to allow the remainder to be served on home confinement or electronic monitoring under U.S.S.G. § 5H1.6 so that he may assist his family.

The district court generally lacks authority to reduce a sentence once it has been imposed. See 18 U.S.C. § 3582(c); United States v. Redd, 630 F.3d 649, 650-51 (7th Cir. 2011); United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). Section 3582(c)(1)(A)(i) permits the court to reduce a sentence based on "extraordinary and compelling reasons" but only "upon motion of the Director of the Bureau of Prisons." Such relief cannot be granted on a defendant's

motion. See, e.g., United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997); United States v. Leland, 701 F. Supp. 2d 177, 178-79 (D. Me. 2010); Garcia-Giraldo v. United States, 691 F. Supp. 2d 500, 515 (S.D.N.Y. 2010). The time for correcting errors under Fed. R. Crim. P. 35(a) has long passed, the government has made no motion pursuant to Fed. R. Crim. P. 35(b), see 18 U.S.C. § 3582(c)(1)(A)(1)(B), and defendant points to no retroactive changes in the sentencing guidelines that might warrant a reduction, see 18 U.S.C. § 3582(c)(2); see also United States v. Catalano, 429 Fed. Appx. 943, 943-44 (11th Cir. 2011). Defendant cites U.S.S.G. § 5H1.6, but that guideline (addressing downward departures based on family ties/responsibilities) applies at an original sentencing hearing; it provides no basis for later sentence modification.

Because the court lacks jurisdiction to grant the relief requested, defendant's motion (R. 2544) must be and hereby is **DISMISSED**.[1]

Dated at Milwaukee, Wisconsin this 14th day of February, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Because I lack jurisdiction to grant relief, defendant's request for an evidentiary hearing is denied.

2